[Crim. No. 592.   Second Appellate District.—February 19, 1918.]

In the Matter of the Application of LESLIE JOHNSON for a Writ of Habeas Corpus.

JUVENILE COURT LAW — PROBATIONARY COMMITMENT.—The juvenile court law, in case of an ordinary criminal information, permits the superior court to make probationary commitment of a minor, leaving in the court the right to change or modify its judgment at any time during the probationary term.

ID.—PAROLES AND DISCHARGES FROM PRESTON SCHOOL OF INDUSTRY—RIGHT OF TRUSTEES.—The juvenile court law does not take away from the board of trustees of the Preston School of Industry the right to allow paroles or make discharges of inmates.

ID.—COMMITMENT TO PRESTON SCHOOL OF INDUSTRY—CONDITIONAL ORDER—RELEASE UPON ORDER OF COURT—HONORABLE DISCHARGE BY SCHOOL TRUSTEES—EFFECT OF.—Under sections 9 and 17 of the juvenile court law, an inmate of the Preston School of Industry honorably discharged by the board of trustees is released from all penalties and disabilities resulting from the offense for which he was committed, and is entitled to his discharge on *habeas corpus,* where rearrested upon an order of court made at the time of his commitment which provided that he was not to be released or discharged except upon an order of court, but should be returned to the court upon attaining his majority.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District, to secure the release of a discharged minor from the Preston School of Industry.

The facts are stated in the opinion of the court.

Arthur E. T. Chapman, for Petitioner.

Thomas Lee Woolwine, District Attorney, and Wm. J. Clark, Deputy District Attorney, for Respondent.

JAMES, J.—*Habeas corpus.* Petitioner seeks to secure his discharge from the custody of the sheriff of Los Angeles County. In July, 1916, petitioner was convicted before a jury of the crime of grand larceny. The court determined his age at that time to be nineteen years, and that he was a fit subject for commitment to the Preston School of Industry.

The following judgment was then entered: "It is ordered that the said Leslie Johnson be and he is hereby committed to the said Preston School of Industry, at Ione, California, until he reaches the age of twenty-one years, unless sooner discharged by law, provided, however, the said minor is not to be released or discharged except by order of this court, first had and obtained, but to be returned to court upon attaining majority." On January 6, 1918, the authorities at the school of industry to which petitioner was committed gave him an honorable discharge, certificate of which has been here exhibited. Thereafter, upon petitioner's return to Los Angeles County, he was rearrested, the court assuming jurisdiction on the ground that such jurisdiction had been retained under the commitment theretofore issued to the Preston school. Thereafter the court made its order determining that petitioner had violated conditions of his probation, and thereupon sentence was imposed that petitioner be imprisoned in the state prison for not less than one nor more than ten years.

It is first contended that, as petitioner was regularly tried and convicted under an ordinary criminal information, when the court determined that he should be committed to the school of industry it exhausted its right of control of the minor. Under the express terms of the act (Stats. 1889, p. 100; as amended, Stats. 1893, p. 39; as amended, Stats. 1909, p. 964; as amended, Stats. 1915, p. 849), this conclusion would seem to follow. However, counsel for respondent sheriff contends that the juvenile court law permits the superior court in such a case to make probationary commitment, leaving in the court the right to change or modify its judgment at any time during the probationary term. Such undoubtedly is the condition of the law respecting ordinary proceedings under the juvenile act. Acting under the authority of that law, the superior court in proper cases has the right to repose the custody of a minor during the probationary period in the parent or guardian or probation officer, or to commit such minor to a state school. (Stats. 1915, p. 1225.) Section 25 of the act provides that its provisions shall supersede the provisions of the act relating to the Preston School of Industry as to the "mode of commitments" to that institution. However, there is another provision important to be considered, and that is found in section 9 of the same law. It is as follows: "Any order made by the court in case of any person subject to the jurisdiction

of the court under the provisions of any of subdivisions one to thirteen inclusive of section one of this act may at any time be changed, modified or set aside as to the judge may seem meet and proper; *provided, however,* that nothing in this act contained shall be deemed to interfere with the system of parole and discharge that is now or may hereafter be provided by law, or by rule of the board of trustees of the Whittier State School, the Preston School of Industry or the California School for Girls, or any similar state institution or institutions, respectively, for the parole and discharge of wards of the juvenile court committed to the said schools or to any similar state institutions hereafter created, or with the management of the said schools, save that the court committing a ward to any of said schools may thereafter change, modify or set aside said order of commitment upon ten days' notice of the hearing of the application therefor being served by United States mail upon the superintendent of the said school to which said person has previously been committed, and providing that the court shall not then change, modify or set aside said order without due consideration of the effect thereof upon the discipline and parole system of said school or institution." An express condition of this subdivision is that nothing in the act shall be deemed to interfere, with the system of parole and discharge that may be provided by law or rule of the board of trustees of the school of industry. There is the proviso that the court may change and modify its order of commitment upon ten days' notice to be given to the superintendent of the school. The latter condition of course presupposes that at the time such modification is sought to be made the person affected has not been theretofore discharged from the institution. Conceding, as we must, then, that the juvenile court law does not take away from the board of trustees of the school of industry the right to allow paroles or make discharges of inmates, we have to examine the law creating the school and providing for the authority given respecting paroles and discharges therefrom. Section 17 of the act providing for the establishment of the Preston School of Industry (hereinbefore referred to) provides as follows: "It shall be lawful for the board, whenever it may deem any inmate of said institution to have been so far reformed as to justify his discharge, to give him an honorable dismissal, and to cause an entry of the reasons for

36 Cal. App.—21

such dismissal to be made in the book of records prepared for that purpose. All persons thus honorably dismissed, and all those who shall have served the full term of their respective sentences, shall thereafter be released from all penalties and disabilities resulting from the offenses or crimes for which they were committed. Upon the final discharge of any inmate, as in this section provided, the superintendent shall immediately certify such discharge in writing, and shall transmit the certificate to the magistrate or court by which such inmate or boy was committed. Said magistrate or court shall thereupon dismiss the accusation and the action pending against said person." At the time this petitioner received his discharge from the school no change had been made pursuant to the provisions of the juvenile court law in the order of commitment. That order of commitment was that the minor be there committed "until he reaches the age of twenty-one years, unless sooner discharged by law." Under the terms of the juvenile court law there was reserved to the board of trustees of the institution mentioned the right to parole petitioner or give him a discharge from the institution. This right we think could not be affected by the conditional order made in the judgment to the further effect that the minor should not be released except by order of court, but should be returned to court upon attaining majority. If the board of trustees had the right to make the discharge, then the discharge must be given the full effect provided to be given to it by the act, to wit, it released the petitioner from all penalties and disabilities resulting from the offense for which he was committed. This being true, it follows that petitioner is entitled to the relief sought under the writ.

It is ordered that petitioner be and he is discharged from the custody of the sheriff of Los Angeles County.

Conrey, P. J., and Works, J., *pro tem.*, concurred.